UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD GRADY,

    Petitioner,

v.             Case No. 18-cv-1453-pp

JUDY SMITH,

    Respondent.

**ORDER GRANTING PETITIONER'S MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NOS. 3, 10), DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR DISCOVERY (DKT. NO. 3, 9), DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS TO APPOINT COUNSEL (DKT. NOS. 3, 11), SCREENING *HABEAS* PETITION (DKT. NO.1) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

On September 17, 2018, the petitioner, an inmate at Oshkosh Correctional Institution who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his July 16, 2015 conviction in Milwaukee County Circuit Court for aggravated battery. Dkt. No. 1 at 8-9; State v. Grady, Milwaukee County Case No. 14CF003988 (available electronically at https://wcca.wicourts.gov). He also filed a joint motion, asking the court to (a) allow him to proceed without prepaying the $5.00 filing fee, (b) allow him to conduct discovery, and (c) appoint him a lawyer. Dkt. No. 3. The court's heavy caseload prevented it from addressing these motions in a timely manner, which caused the petitioner to file renewed motions on May 30, 2019, seeking the same relief. Dkt. Nos. 9, 10, 11. This order screens the petition

1

under Rule 4 of the Rules Governing Section 2254 Cases and resolves the other motions. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.   Background**

On May 5, 2014, the Ozaukee County District Attorney's Office charged the petitioner with burglary of a building or dwelling. State v. Grady, Ozaukee County Circuit Court, Case No. 14CF000125 (available electronically at https://wcca.wicourts.gov). The petitioner pleaded no contest and on July 29, 2014, the circuit court imposed a sentence of three years of probation, with the incarceration component of the sentence withheld. Id.

A little over a month later, the Milwaukee County District Attorney's Office charged the petitioner with one count of aggravated battery and one count of substantial battery with intent to cause bodily harm. State v. Grady, Milwaukee County Circuit Court, Case No. 14CF003988 (available electronically at https://wcca.wicourts.gov). Both counts included domestic abuse, repeater and use of a dangerous weapon modifiers. Id.

As a result of the new Milwaukee County charges, the Ozaukee County Circuit Court issued a revocation order and warrant on November 12, 2014. State v. Grady, Ozaukee County Circuit Court, Case No. 14CF000125 (available electronically at https://wcca.wicourts.gov). The Ozaukee County court agreed to adjourn the petitioner's revocation hearing until his Milwaukee County case concluded. Id. The Milwaukee County case proceeded to a jury

trial in April of 2015, and the jury found the petitioner guilty on both battery counts. State v. Grady, Milwaukee County Circuit Court, Case No. 14CF003988 (available electronically at https://wcca.wicourts.gov).

On May 12, 2015, the petitioner returned to Ozaukee County Circuit Court for his revocation hearing. State v. Grady, Ozaukee County Circuit Court, Case No. 14CF000125 (available electronically at https://wcca.wicourts.gov). After a hearing, the circuit court judge revoked the petitioner's probation and sentenced him to seven years and six months of initial confinement followed by five years of extended supervision on the burglary of a dwelling charge. Id. The clerk entered judgment the following day. Id. The petitioner has a pending *habeas* case before this court challenging those revocation proceedings. Grady v. Smtih, Case No. 18-cv-615 (E.D. Wis.) (respondent's motion to dismiss pending as of August 12, 2019).

On July 10, 2015, the petitioner returned to Milwaukee County Circuit Court for sentencing on his battery convictions. State v. Grady, Milwaukee County Circuit Court, Case No. 14CF003988 (available electronically at https://wcca.wicourts.gov). Before the sentencing began, the State moved to dismiss Count Two "because of concerns related to" Wis. Stat. §939.66(2m), which prohibits the state from convicting a defendant on both a charged crime of battery and a lesser included crime of battery. Dkt. No. 1-1 at 1; Wis. Stat. §939.66(2m). The circuit judge dismissed Count Two and sentenced the petitioner to twelve years of initial confinement and three years of extended supervision on Count One, consecutive to any other sentence. State v. Grady,

Milwaukee County Circuit Court, Case No. 14CF003988 (available electronically at https://wcca.wicourts.gov). The petitioner's present *habeas* petition challenges the judgment from his Milwaukee County case.

On October 14, 2016, the petitioner filed a postconviction motion in Milwaukee County Circuit Court seeking a new trial or, alternatively, a sentence modification. Dkt. No. 1-1 at 1. The petitioner argued that the trial court failed to adequately instruct the jury on lesser included offenses, and that as a result, the jury's guilty verdict on both counts of battery violated Wis. Stat. §939.66(2m). Id. at 2. He contended that the trial judge failed to make a record of a note from the jury during deliberations. Id. The circuit court denied the motion on December 30, 2016. Id. A year and a half later, the Wisconsin Court of Appeals affirmed the denial of the petitioner's postconviction motion. State v. Grady, Milwaukee County Circuit Court, Case No. 14CF003988 (available electronically at https://wcca.wicourts.gov). The Wisconsin Supreme Court declined to review the petitioner's case on August 8, 2018. Id.

The petitioner filed this petition for *habeas corpus* on September 17, 2018—five months after he filed his *habeas* petition in Case No. 18-cv-615. This court has not yet ruled on the petition in Case No. 18-cv-615, so the petitioner currently has two pending *habeas* petitions. The fact that the petitioner has two petitions does not prevent him from obtaining relief—his petition in Case No. 18-cv-1453 is not barred as a "second or successive petition" under 28 U.S.C. §2244(b). The petitioner's two *habeas* petitions challenge separate, consecutive sentences imposed by different state judges at

4

different times for different criminal offenses. Beyer v. Litscher, 306 F.3d 504, 508 (7th Cir. 2002) (reversing a district court's dismissal under §2244(b) because the petitioner's petition challenged a different judgment than his first *habeas* petition).

Nor does the fact that the petitioner challenges a sentence that he has not begun to serve bar him from seeking relief. The petitioner currently is in custody for a term of seven and a half years for his Ozaukee County burglary conviction. That period of confinement will be followed by a period of twelve years on his Milwaukee County battery conviction. While federal *habeas* relief is available only to persons "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. §2254(a), the Supreme Court has held that a prisoner serving consecutive sentences is "in custody" under any one of them for *habeas* purposes. Peyton v. Rowe, 391 U.S. 54, 67 (1968); see also Sweeney v. United States, 754 F. App'x 440, 442 (7th Cir. 2018). Thus, the petitioner satisfies the custody requirement for *habeas* relief.

## II. Motions for Leave to Proceed Without Prepayment of the Filing Fee (Dkt. Nos. 3, 10)

The petitioner filed his first motion to proceed without prepaying the $5.00 filing fee on September 17, 2018. Dkt. No. 3. At that time, he filed a trust account statement from Oshkosh Correctional Institution, which showed that as of August 31, 2018, he had $56.17 in his trust account. Dkt. No. 4. When the petitioner filed his renewed request for leave to proceed without prepayment of his filing fee on May 30, 2019, dkt. no. 11, he did not submit an updated trust account statement. In Case No. 18-cv-615, however, the

5

petitioner filed an updated trust account statement showing an account balance of $3.98 as of April 29, 2019. Case No. 18-cv-615, Dkt. No. 9. In that case, the court found that the petitioner could not afford the filing fee and granted his request to proceed without prepayment. Id., Dkt. No. 10. The court makes the same finding here. The court will grant the petitioner's requests to proceed without prepayment of the filing fee.

### III. Rule 4 Screening

#### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an

6

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, he must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court still may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petitioner alleges two grounds for relief. First, he says that the trial court violated Wisconsin Statute §939.66(2m) by allowing the jury to render guilty verdicts on both battery counts. Dkt. No. 1 at 9. Second, the petitioner argues that Wisconsin Statute §805.13(1) mandates a new trial because the trial judge failed to make a record of a note the jury sent the judge during

7

deliberations. Id. at 21. It appears, therefore, that the petition alleges that he was convicted in violation of *state* law, not in violation of the federal Constitution or federal laws.

> "[E]rrors of state law in and of themselves are not cognizable on habeas review. The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene.

Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004) (internal citations omitted). To obtain *habeas* relief in federal court, the petitioner needs to show that the state court's behavior somehow implicated his federal constitutional rights.

The petitioner alleges that the trial judge never gave the jury an instruction about a lesser included offense. "In general, the failure of a state trial court to instruct the jury on a lesser offense does not implicate a federal constitutional question and will not be considered in a federal *habeas* proceeding." Reeves v. Battles, 272 F.3d 918, 920 (7th Cir. 2001) (citing United States ex rel. Peery v. Sielaff, 615 F.2d 402, 404 (7th Cir. 1979)). "However, the omission of an instruction regarding a particular offense may effectively result in a direct verdict, thereby implicating Sixth and Fourteenth Amendment rights." Id.

> In a habeas action, the question is not whether the failure to instruct on a lesser included offense was correct or incorrect under state law, but rather whether failure to do so constituted a defect so fundamental that it results in a complete miscarriage of justice or omission inconsistent with the standards of fair procedure.

8

Id. The court has some question about whether it may review Ground One of the petitioner's petition. At this early stage and on these limited facts, however, the court cannot definitively conclude that the petitioner plainly is not entitled to relief on Ground One.

As for Ground Two, the petitioner states that he "first became aware of the jury note during the sentencing hearing. He was not present in court when the jury note was first brought to the attention of the court." Dkt. No. 1 at 22. The petitioner says that this conduct violates Wisconsin state law. Id. But as the court noted when considering Ground One, the petitioner cannot obtain federal *habeas* relief for a violation of state law—the alleged misconduct must implicate some federal right.

"The Due Process Clause supplements [a defendant's Confrontation Clause right] by protecting the defendant's right to be present during some stages of the trial where the defendant's ability to confront a witness against him is not in question—*ex parte* communications between the judge and jury fall into this category." Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004). "Such communications between the judge and jury will violate the defendant's right only when the defendant's presence, 'has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" Id. (quoting United States v. Gagnon, 470 U.S. 522, 526 (1985). "When *ex parte* communications with the jury occur off the record, determining whether those communications resulted in prejudice poses a vexing problem—this problem has been examined by a number of courts." Id.

9

The petitioner alleges that the judge and jury had *ex parte* communications in the form of a jury note. And, he says, the judge did not put the communication on the record until three months after the jury trial, at the defendant's sentencing. At the Rule 4 stage, these allegations satisfy the court that the petitioner could be entitled to relief. The court will allow him to proceed on both grounds of his petition.

## IV. Motions to Appoint Counsel (Dkt. Nos. 3, 11)

The petitioner argued in his first motion for the appointment of counsel that he needs counsel to litigate his *habeas* claim to avoid committing procedural errors and forfeiting his rights unintentionally. Dkt. No. 3. He reiterates these arguments in his second request to appoint counsel. Dkt. No. 11. The petitioner has not communicated any effort to obtain counsel on his own.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007). This is particularly true in *habeas* cases; "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding." Taylor v. Knight, 223 Fed. App'x 503, 504 (7th Cir. 2007), citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005). The Criminal Justice Act gives a district court the discretion to appoint counsel if "the interests of justice so require."18 U.S.C. §3006A(a)(2)(B)).

The interests of justice do not require the court to appoint counsel for the petitioner at this early stage. Thus far, the court has found the petitioner

competent to litigate his claims without counsel; the legal, factual, and practical difficulties of the petitioner's *habeas* petition do not exceed his capacity to coherently litigate his case. The petitioner demonstrates a sufficient ability to prepare to court filings and file motions on his own behalf. As part of this proceeding, for example, the petitioner has successfully filed a *habeas corpus* petition with an accompanying legal brief, motions for leave without prepaying the filing fee, motions for discovery and these motions for appointment of counsel. The petitioner's communications with the court show that he is capable of explaining the facts of his case and why he believes that he is being detained illegally.

Nor are the legal or factual circumstances involved in the petitioner's *habeas* petition at this stage complex. The petitioner has successfully articulated his claims both in state postconviction proceedings and to this court. At this early stage, the petitioner appears fully capable of asserting the relevant facts and arguing the applicable law. If there comes a point where the litigation becomes too complex for the petitioner to handle it on his own, he may renew his motion. The court notes, however, that almost all incarcerated inmates who file lawsuits or *habeas* petitions ask for lawyers. The majority of them do not have the money to hire lawyers, do not have legal education or familiarity with the law and do not have sufficient access to the law library. The court does not have money to appoint lawyers for *habeas* petitioners; it must rely on volunteer lawyers from the community, and there aren't nearly enough of those to represent everyone who asks. The court is able to appoint counsel

only in those cases where a party really isn't able to express himself, and where the litigation has gotten to a point that a lay person couldn't handle it on his own. The court advises the petitioner to keep this in mind if he decides to renew his motion in the future.

**V.     Motions for Discovery (Dkt. Nos. 3, 9)**

The petitioner seeks discovery because the State "failed to turn over [discoverable exculpatory evidence]." Dkt. No. 3. He argues that this evidence will raise a reasonable probability that the result of his trial would have been different. Id. He reiterates these arguments in his renewed motion for discovery. Dkt. No. 9.

Unlike other civil litigants in federal court, a *habeas* petitioner is not entitled to discovery as a matter of course. Higgason v. Lemmon, 6 Fed. App'x 433, 436 (7th Cir. 2001) (citing Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Rule 6 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 "permits federal judges, in their discretion, to allow a petitioner to invoke the rules of discovery upon a showing of good cause." Id. Where specific allegations convince the court that a *habeas* petitioner will be entitled to relief if the facts are fully developed, the court has a duty to provide "the necessary facilities and procedures for an adequate inquiry". Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). But "[t]he factual allegations . . . must not be speculative or conclusory because discovery is not intended to be a fishing expedition." Id. (citation omitted).

The petitioner has not shown good cause for discovery at this early stage. The court is ordering the respondent to answer or otherwise respond to the petition under Rule 5 of the federal *habeas* rules. If and when the respondent answers, the court will give the parties an opportunity to brief the petition. Once it has reviewed the briefs, the court will consider whether discovery is necessary. In most *habeas* cases it is not, because the court is reviewing the state court record to determine whether the petitioner's conviction violated the Constitution or federal law.

**VI. Conclusion**

The court **DENIES WITHOUT PREJUDICE** the petitioner's motions to appoint counsel. Dkt. Nos. 3, 11.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motions for discovery. Dkt. Nos. 3, 9.

The court **GRANTS** petitioner's motions for leave to proceed without prepayment of the filing fee. Dkt. Nos. 3, 10.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date

of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 25th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**